FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP - 6 2011
No Copy

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

Gregory Stocks
640-D North Calvert St.
Baltimore, Md. 21202
(410) 913-4337
admin@lawmedconsultant.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Righthaven, LLC )<br><br>Plaintiff, )<br><br>vs. )<br><br>Law Med Consulting, LLC, The Law Med )<br>Blog, and Greg Stocks )<br><br>Defendants )| Case No.: 2:11-cv-00717-ECR –PAL<br><br>**DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO SERVE THE COMPLAINT, WILLFUL DECEPTION, AND FAILURE TO COMPLY WITH A JUDICIAL ORDER** |

## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO SERVE THE COMPLAINT, WILLFUL DECEPTION, AND FAILURE TO COMPLY WITH A JUDICIAL ORDER

Gregory Stocks, pro se and sole Defendant in the above entitled action, files this motion to dismiss the complaint with prejudice and in support alleges:

**I. There is only one defendant in this case.**

Law Med Consulting LLC is a forfeited Maryland Limited Liability Company, as the Plaintiff itself notes in their complaint, which was owned entirely by Gregory Stocks. The Law Med Blog is not a legal entity. It is the name of the blog located at http://lawmedconsultant.com whose use of content Righthaven alleges violated a copyright. Gregory Stocks is the sole owner and operator of this domain name.

**II. Plaintiff has failed to serve the complaint.**

Federal Rule of Civil Procedure 4 (m) *Time Limit for Service* provides: "If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice".

1

1          The complaint was filed on May 5, 2011. (Dkt #1) Service was required by September 2,

2    2011. Plaintiff filed a summons for each named defendant with the Clerk of the Court at the time

3    the complaint was filed and <u>each contained the correct address of Gregory Stocks and</u>

4    <u>Righthaven recognized Stocks to be the individual who should accept service for each</u>. Plaintiff

5    has made no effort to serve the complaint on any of the named Defendants. The Plaintiff has no

6    good cause for not serving the complaint. The Court must dismiss this action.

7    **III. Righthaven should be sanctioned to include a dismissal with prejudice.**

8          Righthaven has made multiple, willful and material misrepresentations to the Federal

9    District Court of Nevada. When previously sanctioned for doing so and ordered to undertake

10   remedial actions Righthaven elected to again deceive the Court and intentionally failed to

11   comply with the Court's Sanction Order. Defendant asks this honorable Court to exercise its

12   discretion and authority to further sanction Righthaven in the manner which the Court deems

13   appropriate, and would ask such sanctions include dismissal of this action with prejudice.

14      **A. Righthaven has willfully deceived the court again and again.**

15      We need look no farther than the findings of Judge Roger L. Hunt in *Righthaven LLC v.*

16   *Democratic Underground LLC*, Case No. 2:10-cv-1356 in this District to expose the initial

17   multitude of misrepresentations made by Righthaven to the Court. Stocks is an Interested Party

18   in that case. In his June 14, 2011 Order to Show Cause why Righthaven should not be sanctioned

19   in that case (*Democratic Underground* Dkt #116), Judge Hunt wrote:

20        As shown in the preceding pages, **the Court believes that Righthaven has made**
           **multiple inaccurate and likely dishonest statements to the Court**. Here
21       however, the Court will only focus on the most factually brazen: Righthaven's
22       failure to disclose Stephens Media as an interested party in Righthaven's
           Certificate of Interested Parties. (Dkt. #5.) Rule 7.1-1 of the Local Rules of
23       Practice for the District of Nevada requires parties to disclose "all persons,
           associations of persons, firms, partnerships or corporations (including parent
24       corporations) which have a direct, pecuniary interest in the outcome of the case."
25       This Local Rule requires greater disclosure than Federal Rule 7.1, which only
           requires non-governmental corporate parties to disclose parent corporations or
26       corporations owning more than 10% of the party's stock. Frankly, if receiving
27       50% of litigation proceeds minus costs (Dkt. #79, SAA Section 5) does not create
           a pecuniary interest under Local Rule 7.1-1, the Court isn't sure what would.

28

**Making this failure more egregious, not only did Righthaven fail to identify Stephens Media as an interested party in this suit, the Court believes that Righthaven failed to disclose Stephens Media as an interested party in any of its approximately 200 cases filed in this District. Accordingly, the Court orders Righthaven to show cause, in writing, no later than two (2) weeks from the date of this order, why it should not be sanctioned for this flagrant misrepresentation to the Court.**

Emphasis added. During the subsequent Show Cause hearing in that case on July 14,

Judge Hunt commented as follows (Exhibit A, Transcript, Show Cause Hearing pp. 16-17):

The Court has the right to accept the representations made by a party through counsel. **And when it finds that those representations are not true and, having looked at all this evidence, finds that they are intentionally untrue, the Court feels that there is a necessity of and finds that there is an obligation on the Court to sanction Stephens Media.** I've given a lot of thought as to what kind of sanction is required. I appreciate the fact that counsel has attempted to rectify the problem that has existed. **It does not change or affect the Court's opinion as to whether or not it was an accident or a misunderstanding as opposed to being an intentional -- I'll call it failure to disclose, for want of a stronger term, although I think a stronger term is justified. But as part of the sanction, the Court is going to order that every case Righthaven has in any jurisdiction in this country must be provided with a copy of this Court's decision about the agreement, the one on standing, and that the agreement be disclosed to parties that Righthaven has sued.**

The Court is also going to order a monetary sanction against Righthaven, itself, in the amount of $5,000 and order that Local Rule 7.1-1 will be properly complied with, either retrospectively or prospectively, in all cases that are filed by Righthaven with respect to this agreement.

Emphasis added. On July 29th, the date which Judge Hunt had set for compliance with his

Order for Sanctions, Righthaven filed a Motion for Extension of Time to comply and for a

clarification of the Order citing confusion, overwork, and being too busy. A multitude of issues

confused them apparently but we mention only one. Specifically Righthaven asked the court to

clarify the following:

6. As of now, counsel still is investigating how to provide non-served parties with the materials required under the Order. Counsel requests clarification as to whether ECF filing of the required materials will constitute compliance with the Court's Order in this pending matters. (*Democratic Underground* Dkt #143 p.4)

1      A clearly frustrated Judge Hunt responds in his Order on August 2nd (*Democratic*
2  *Underground* Dkt #148):

3          In this motion, Righthaven requests that the Court clarify its sanctions order and
           extend the time for Righthaven to comply with the sanctions. The Court has
4          already granted an extension and will now address the requested clarifications.
5          **Righthaven desires to know: (1) whether simply filing the required**
           **documents in a case where the defendant has not yet been served would be**
6          **sufficient,**....

7          First, as Righthaven points out in its motion, when the Court issued the sanctions
8          the Court and counsel referred to "parties," not merely cases. Accordingly, it is
           insufficient to merely file the required documents; Righthaven must produce the
9          documents to the parties in those cases as the Court clearly stated. **The reason for**
           **this is simple: the Court is fully aware of Righthaven's practice of filing suit**
10         **against a party and then entering settlement negotiations (and frequently**
11         **settling) without ever serving the party. The Court concludes that depriving**
           **those  parties of the benefit of the Court's order would be unjust.**
12

13         Emphasis added. This Defendant fell into the category of pro se not yet served. Judge
14  Hunt was quite clear that such a defendant was to be provided with the specific documents he
15  identified.

16         Righthaven intentionally failed to comply with the Order as it pertains to the Defendants
17  in this case and made no effort whatsoever to provide the documents to your Defendants. Despite
18  this intentional lack of compliance, on August 8 Righthaven filed with the Court a Notice of
19  Compliance in which Righthaven stated:

20         "Righthaven has complied with the July 14th Order as follows: ... (2) it has sent
           copies of the Court's dismissal for lack of standing, the SAA [the "agreement"]
21         and the July 14, 2011 OSC hearing transcript **to all addresses on file for all pro**
22         **se parties appearing in all currently pending actions involving Stephens**
           **Media content".**
23

24         Righthaven has not provided copies of the Court's dismissal for lack of standing,
           the SAA and the July 14, 2011 OSC hearing transcript to those parties that are
25         named defendants in pending actions, but for which service of process of the
           operative version of the complaint has not been effectuated. **Righthaven,**
26         **however, has not deliberately failed to serve or failed to attempt to serve any**
           **defendant in any pending action. Unfortunately, some named defendants**
27         **have managed to evade service of process or simply cannot be located so that**
28         **service can be made upon them. Should Righthaven effectuate service on any**

4

defendant in any pending action that it been able to effectuate to date, it will provide those parties with copies of the SAA and the July 14, 2011 OSC hearing transcript pursuant to the July 14th Order. *(Democratic Underground Dkt #154)*

Emphasis added. This representation to the court by Righthaven was knowingly false and intentionally misleading. Along with the Notice of Compliance Righthaven filed an Exhibit 1 "July 14, 2011 Order Compliance Table" listing the parties in question and the address Righthaven alleges to have on file for each. (*Democratic* Underground *Dkt #154*) Your Defendants can be found listed as item 74, with the following notation as the address represented as being on file for each of them: "No address. Unable to serve complaint to date" Righthaven lied to the Court claiming they had no address for the named Defendants, and had be "unable" to serve the complaint to date, when in fact the addresses in question were clearly found on the very summons Righthaven provided to the Clerk for each Defendant back in May, and Righthaven had never made any attempt to serve the complaint on the Defendants. Yet Righthaven went out of their way to state **"Righthaven, however, has not deliberately failed to serve or failed to attempt to serve any defendant in any pending action".** This statement is false on its face.

Since July 20th of this year alone, seven Righthaven lawsuits have been dismissed for failure to serve the complaint. At least five others filed this past May are now ripe for such a dismissal. Yet ALL have a summons on file with the Clerk for each named defendant, address included. Righthaven is flagrantly and intentionally lying to the Court. No other reasonable conclusion can be drawn. They decided to forego compliance and replace it with a blatant collection of lies, regarding numerous defendant addresses in numerous cases, to the Court.

The motive for this collection of utter fabrications was a self serving litigation advantage. Righthaven was confident that no pro se defendant who had not been served would be aware of the Order issued by Judge Hunt and thus would not be aware of their non-compliance, so no one would expose their deceit. They also believed that no one else would access the docketed summons, complete with correct and full defendant addresses, in cases where they claimed not to have an address. Since the documents Judge Hunt ordered be provided contained material and damaging probative content to their lawsuits, current and future, Righthaven had a vested interest in not supplying it to non-served defendants whose cases, though dismissed eventually for failure

5

1    to timely serve, might be resurrected under new complaints in the future.  Indeed other

2    defendants in 5 additional cases whose service must be completed on the 2nd or 3rd of September

3    were also claimed as having no address on file, when in fact they also contain a summons with

4    an address for each and every defendant named. (see Dkt #8 in this case). Righthaven is

5    intentionally not serving ANY case not yet served since their lack of standing to bring all of

6    these suits has now been determined by the Court. That they can represent otherwise to the Court

7    is unconscionable and offensive, both to the judicial system and one's intelligence.

8         When your Defendant filed his Affidavit (Dkt #8) with this Court on August 16, he also

9    served a copy on Righthaven. Despite this direct notice of their failure to comply, Righthaven

10   continues to not have complied, electing instead to ignore notice that defendants in this case were

11   not provided with Sanction Ordered documents even with confirmation of addresses staring them

12   in the face.

13   **B. Failure to comply with a court order is grounds for dismissal with prejudice.**

14        Federal Rule of Civil Procedure 41(b) provides "if the plaintiff fails to prosecute or to

15   comply with these rules **or a court order**, a defendant may move to dismiss the action or any

16   claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision

17   (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue,

18   or failure to join a party under Rule 19 — **operates as an adjudication on the merits"**.

19   Emphasis added. Righthaven not only failed to comply with the Order of the Court, but did so

20   knowingly, willfully and with clear intent, even after having caused the Court to clarify with

21   great specificity the requirements of that Order. The Supreme Court has recognized that

22   dismissal "must be available to the district court in appropriate cases, not merely to penalize

23   those whose conduct may be deemed to warrant such a sanction, but to deter those who might be

24   tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro.*

25   *Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). And so has the 9th Circuit. See *Allen*

26   *v. Exxon Corp.* (In re the EXXON VALDEZ), 102 F.3d 429, 433 (9th Cir. 1996).

27   **C. Dismissal with prejudice is appropriate for willful deceit.**

28        This Court has the inherent power to dismiss an action when a party has "willfully

1    deceived" the Court and "engaged in conduct utterly inconsistent with the orderly administration

2    of justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *Phoceene Sous-*

3    *Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982). Such conduct is an

4    intentional obstruction to the proper and equitable use of not only this Court's resources, but the

5    justice system as a whole. Arguably Righthaven's conduct in this case, and others similarly

6    situated, is a Fraud Upon the Court and serves to cause "the judicial machinery [to] not perform

7    in the usual manner its impartial task of adjudging cases that are presented for adjudication."

8    *Gumport v. China Int'l Trust & Inv. Corp.* (In re *Intermagnetics Am., Inc.*), 926 F.2d 912, 916

9    (9th Cir. 1991) (defining "fraud upon the court") Based on this behavior alone, the Court has

10   cause, authority and discretion to dismiss this case with prejudice.

11         Because Righthaven has been found to lack standing by virtue of their flawed copyright

12   ownership agreements with Stephens Media, and because their subsequent attempts to revise

13   those agreements in order to create standing midstream in their lawsuits has been rejected, (see

14   *Democratic Underground*) it is foreseeable, and borne out by the current trend of a lack of

15   service in cases filed earlier this year, that they plan to allow a significant number of current

16   actions to be dismissed without having served the complaints in order to re-file with new

17   agreements in hopes of curing standing issues. In doing so it is in their interest not to have

18   provided these once and future defendants with the documents the Court ordered them to

19   provide. It is an end run around the Court and should not be rewarded. It is yet another flagrant

20   deception of the court and defendants.

21

22                                        **CONCLUSION**

23         For all of the reasons stated herein, this Court should dismiss this case and should do so

24   while imposing sanctions to include dismissal with prejudice. Therefore, Defendant moves this

25   honorable Court to dismiss this case with prejudice.

26

27

28

                                              7

Dated September 2nd , 2011

Respectfully,

Gregory Stocks
Defendant pro se
640-D North Calvert St.
Baltimore, MD 21202
(410) 913-4337
admin@lawmedconsultant.com

8

1
2
3
4

## CERTIFICATE OF SERVICE

5        Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 2nd day of
6   September, 2011, I caused documents entitled:

7   **DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO**
8   **SERVE THE COMPLAINT, WILLFUL DECEPTION, AND FAILURE TO COMPLY**
    **WITH A JUDICIAL ORDER**
9
    to be served by depositing them for mailing in the United States Mail, in a sealed envelope
10  addressed to Shawn A. Mangano Esq, 9960 West Cheyenne Avenue, Suite 170, Las Vegas,
    Nevada 89129-7701, upon which first class postage was fully prepaid. A copy of this motion has
11  also been mailed in the same manner to Judge Roger L Hunt as a point of information.
12
13
14
15
16  Gregory Stocks
    Defendant pro se
17  640-D North Calvert St.
    Baltimore, MD 21202
18  (410) 913-4337
    admin@lawmedconsultant.com
19
20
21
22
23
24
25
26
27
28

9

# Exhibit A

1

<pre>
 1                  UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
 2       BEFORE THE HONORABLE ROGER L. HUNT, U.S. DISTRICT JUDGE

 3
    RIGHTHAVEN, LLC, a              :
 4  Nevada limited-liability       :
    company,                       :
 5                                  :   No. 2:10-cv-01356-RLH-GWF
         Plaintiff,                 :
 6                                  :   July 14, 2011
         vs.                        :
 7                                  :   Las Vegas, Nevada
    DEMOCRATIC UNDERGROUND,         :
 8  LLC, a District of             :
    Columbia limited-              :
 9  liability company; and         :
    DAVID ALLEN, an                 :
10  individual,                     :
                                    :
11       Defendants.                :
                                    :
12  _____        :
                                    :
    DEMOCRATIC UNDERGROUND,          :
13  LLC, a District of             :
    Columbia limited-              :
14  liability company,              :
                                    :
15       Counterclaimant,           :
                                    :
16       vs.                        :
                                    :
17  RIGHTHAVEN, LLC, a              :
    Nevada limited-liability       :
18  company; and STEPHENS           :
    MEDIA, LLC, a Nevada            :
19  limited-liability               :
    company,                        :
20                                  :
         Counterdefendants.         :
21  _____        :

22

23            TRANSCRIPT OF ORDER TO SHOW CAUSE [116]

24

25
</pre>

DONNA DAVIDSON, RDR, CRR, CCP, CCR # 318 -   (775) 329-0132

2

1   APPEARANCES:

2   For the Plaintiffs:          SHAWN MANGANO
                                 COLBY WILLIAMS
3                                DONALD CAMPBELL
                                 Attorneys at Law
4

5   For the Defendants:          LAURENCE F. PULGRAM
                                 KURT OPSAHL
6                                Attorneys at Law

7

8

9

10

11

12

13

14

15  FTR No. RLH/20110714

16
        (Transcript produced from digital voice recording;
17          transcriber not present at proceedings)

18

19

20

21

22  Transcribed by:              Donna Davidson, RDR, CRR, CCR 318
                                 Certified Realtime Reporter
23                               400 South Virginia Street
                                 Reno, Nevada  89501
24                               (775) 329-0132

25

3

1              LAS VEGAS, NEVADA, JULY 14, 2011, 9:04 A.M.

2                              --o0o--

3                        P R O C E E D I N G S

4

5              THE COURT:  Be seated.

6              THE CLERK:  Righthaven, LLC, versus Democratic

7    Underground, LLC, et al, 2:10-cv-1356-RLH-GWF.

8         This is the time set on order for a show cause

9    hearing and also for the motion to reconsider.

10        Counsel, please note your appearances for the

11   record.

12             MR. MANGANO:  Shawn Mangano on behalf of

13   plaintiff Righthaven, LLC.

14             MR. WILLIAMS:  Good morning, Your Honor, Colby

15   Williams on behalf of Stephens Media.

16             MR. CAMPBELL:  Donald Drew Campbell on behalf

17   of Stephens Media.

18             MR. PULGRAM:  Laurence Pulgram on behalf of

19   Democratic Underground.

20             MR. OPSAHL:  Kurt Opsahl, the Electronic

21   Frontier Foundation, on behalf of Democratic

22   Underground.

23             THE COURT:  Thank you.

24             MR. WILLIAMS:  Excuse me, Your Honor.  I heard

25   your clerk say this was also set for a motion for

1    there's anything about what Mr. Mangano just said that

2    suggests to the Court that I need to hear from

3    Democratic Underground.

4              MR. OPSAHL:  Thank you, Your Honor.

5              THE COURT:  Let me make it clear that the

6    Court is also not here to find fault with Mr. Coons or

7    Mr. Chu.

8         I do find it significant, however, that in all of

9    this -- and I -- I've read and reread this sentence from

10   the statement in the response, and I quote from the

11   second page:  It is certainly understandable how Local

12   Rule 7-1.1 could have arguably been reasonably construed

13   to not require the disclosure of Stephens Media's

14   interest in any recovery.

15        I was impressed that you were able to get three

16   hedge words or qualifiers within the space of four words

17   in that sentence and wondered if maybe you ran out of

18   them.

19        That significant, I guess, to me is is that we

20   don't have any affidavit from Mr. Chu or Mr. Coons:

21   One, that they made a mistake; two, that they didn't

22   understand it; three, that they didn't understand Local

23   Rule 7.1-1.  But, more importantly, I don't have any

24   evidence that they even knew about the relationship;

25   that they were familiar with the terms and circumstances

13

1   of the strategic agreement.

2          An argument that they arguably could have

3   reasonably construed to not require that, in the Court's

4   opinion, is, frankly, ludicrous.

5          Rule 7.1-1, the purpose of it, the primary

6   purpose of it, is to make sure that the Court becomes

7   aware, as soon as possible, of any need to recuse itself

8   because of any conflict of interest.  But it's the

9   violation of the rule, in addition to all of the other

10   things that took place in this case and any other cases

11   that the Court has in front of it -- and I think there

12   are -- I think there are or were 34 cases that were

13   assigned to me by Righthaven in this case.  I do not

14   understand the argument that an agreement whereby

15   Stephens Media got half of any recovery or settlement

16   could any -- in any way be construed as not having a

17   direct pecuniary interest.

18          And, again, I'm not here to sanction Mr. Coons or

19   Mr. Chu.  And I will tell you now that I do not think

20   that the Court's sanction power is limited to sanction

21   Mr. Chu or Mr. Coons.  The Court does have the right to

22   sanction an attorney when he violates it.

23          I don't have any evidence that they intentionally

24   kept this from the Court.  But I have a lot of evidence

25   that Righthaven intentionally kept it.  This is not an

1   issue of negligence, in the Court's view.  It goes to

2   the evidence of an intentional avoidance of disclosing

3   information and specific direct statements contrary to

4   that.

5        I think I have sufficient inherent power to

6   sanction.  And I think Rule 11 gives me even additional

7   power to sanction for violation of this rule under these

8   circumstances.

9        Counsel that was representing Righthaven,

10  Mr. Coons and Mr. Chu, were both in-house counsel, if

11  you will.

12       Mr. Gibson, who took over and I think was counsel

13  at the time that the SAA was disclosed is the CEO of

14  Righthaven.  So I think for purposes of the language of

15  7.1-1, in this instance, Righthaven qualifies at a party

16  acting pro se.  Because it's their in-house people doing

17  it, it's not outside counsel as they have now.

18       In the Court's view, the arrangement between

19  Righthaven and Stephens Media is nothing more nor less

20  than a law firm, which, incidentally, I don't think is

21  licensed to practice law in this state, but a law firm

22  with a contingent fee agreement masquerading as a

23  company that's a party.

24       There was a clear pecuniary interest, in the

25  Court's view, by Stephens Media.  Mr. Gibson negotiated

1   the agreement.  He signed the agreement.  He certainly

2   knew the agreement and its contents.  He has a

3   significant amount of experience.  At least that is

4   represented to me.  I think this has been part of a

5   concerted effort to hide Stephens Media's role in this

6   litigation.

7          Plaintiff claimed that it had various exclusive

8   rights when it knew that the ability to exercise those

9   rights were retained exclusively by Stephens Media.  It

10  constantly and consistently refused to produce the

11  agreement.  And it wasn't until after the Court ordered

12  that it be disclosed and then unsealed that they started

13  admitting their reasons.

14         There was, in fact, in the -- in Stephens Media's

15  reply to their motion -- in support of their motion to

16  dismiss, that they state, and I quote, "Stephens Media

17  has never been identified or disclosed as a party who

18  has a direct pecuniary interest in the outcome of any

19  Righthaven case, and for good reason," close quote.

20         The representations about the relationship and

21  the rights of Righthaven were misrepresentations.  They

22  were misleading.  And that -- the failure to disclose

23  them -- and you can speak and argue that there's no case

24  law or there are no -- there's no definition in the rule

25  that lays out what a direct pecuniary interest is.  I

1   don't know how more direct you can get.  The fact that

2   it has to go to Righthaven first and then go to Stephens

3   Media, in the Court's view, does not remove it from

4   being a direct pecuniary interest.  It was there.  They

5   had the right to have -- they had the right, actually,

6   to settle claims on their own.

7          And the Court finds it troubling, quite frankly,

8   in all of the cases that I'm aware of filed in this

9   district, and I've lost count as to how many there were,

10  that not only were the terms of the agreement disclosed,

11  but that there was a consistent, repeated failure to

12  identify Stephens Media as having any interest in this

13  lawsuit.

14         And it isn't enough to say, well, the Court

15  should have been on notice of it.  The Court has the

16  right to accept the representations made by a party

17  through counsel.  And when it finds that those

18  representations are not true and, having looked at all

19  this evidence, finds that they are intentionally untrue,

20  the Court feels that there is a necessity of and finds

21  that there is an obligation on the Court to sanction

22  Stephens Media.

23         I've given a lot of thought as to what kind of

24  sanction is required.  I appreciate the fact that

25  counsel has attempted to rectify the problem that has

1   existed.  It does not change or affect the Court's

2   opinion as to whether or not it was an accident or a

3   misunderstanding as opposed to being an intentional --

4   I'll call it failure to disclose, for want of a stronger

5   term, although I think a stronger term is justified.

6   But as part of the sanction, the Court is going to order

7   that every case Righthaven has in any jurisdiction in

8   this country must be provided with a copy of this

9   Court's decision about the agreement, the one on

10  standing, and that the agreement be disclosed to parties

11  that Righthaven has sued.

12          The Court is also going to order a monetary

13  sanction against Righthaven, itself, in the amount of

14  $5,000 and order that Local Rule 7.1-1 will be properly

15  complied with, either retrospectively or prospectively,

16  in all cases that are filed by Righthaven with respect

17  to this agreement.

18          Is there anything -- yes, counsel?

19          Incidentally, that monetary sanction will be paid

20  within two weeks to the clerk of court.

21          MR. MANGANO:  Your Honor, just a couple points

22  of clarification.  And I understand that you will be

23  issuing a written opinion based upon what we -- based

24  upon this hearing, I assume?

25          THE COURT:  I'm not sure I will, counsel.

18

1  I'll give that some consideration.

2          MR. MANGANO:  Okay.  Well, in view of that

3  uncertainty, I'd just --

4          THE COURT:  If I do issue a written opinion,

5  counsel, I'm also going to direct that it be provided,

6  filed in every other case that Righthaven has against

7  anybody on this --

8          MR. MANGANO:  Okay.

9          THE COURT:  Along these issues.

10          MR. MANGANO:  Okay.  Your Honor, just for

11  point of clarification, you've mentioned a couple bases

12  for your sanction power; and it's not to challenge your

13  sanction powers, but to clarify the record.

14      You've mentioned Rule 11, you've mentioned the

15  inherent power, and you've mentioned the local rule.

16  These sanctions that you just enumerated, do those fall

17  under, one, all or -- one specific sanction power or

18  under all your inherent power --

19          THE COURT:  I'm invoking all of them, counsel.

20          MR. MANGANO:  Okay.  Thank you, Your Honor.

21      And a second point of clarification is that you

22  said that parties -- all parties who are sued to be

23  provided with a copy of the agreement, the strategic

24  alliance agreement.

25          THE COURT:  That will not apply to those cases

DONNA DAVIDSON, RDR, CRR, CCP, CCR # 318 -  (775) 329-0132

1   that have been dismissed, unless there's going to be an

2   appeal in those cases.

3           MR. MANGANO:  Okay.  So all -- essentially all

4   pending matters, would that be --

5           THE COURT:  Yes.

6           MR. MANGANO:  Okay.  And would your order

7   include -- since as the Court, I'm sure, is aware, we

8   have a clarification and we have what's now a restated

9   version of the SAA, restated and amended version, would

10  you like those provided as well?

11          THE COURT:  No.

12          MR. MANGANO:  Just the SAA?

13          THE COURT:  And no -- any revisions,

14  amendments after the fact, in the Court's view, is

15  irrelevant to this issue.

16          MR. MANGANO:  Okay.  Thank you, Your Honor.

17          THE COURT:  Thank you.

18      Any questions from other defendant?

19          MR. OPSAHL:  It may also be useful for some of

20  those cases to have a copy of Righthaven's operating

21  agreement.

22          THE COURT:  I beg your pardon?

23          MR. OPSAHL:  It may also be useful to -- for

24  the defendants in those cases to have a copy of

25  Righthaven's operating agreement along with the

1   strategic alliance.

2           THE COURT:  I think that was part of my order,

3   counsel, is that the operating -- well, are you talking

4   about the strategic alliance agreement?

5           MR. OPSAHL:  There's a strategic alliance

6   agreement as between Stephens Media and Righthaven; then

7   there's also the Righthaven operating agreement, which

8   is the organizational document for Righthaven.

9           MR. MANGANO:  Your Honor, that's -- the issue

10  here is the failure to disclose Stephens Media, which is

11  a party to the --

12          THE COURT:  Yes.  I will not include that,

13  counsel.  I don't think it's relevant to this.

14          MR. OPSAHL:  Okay.  Thank you, Your Honor.

15          MR. MANGANO:  And, Your Honor, there are cases

16  pending, such as in the District of Colorado, which

17  involve -- do not involve Stephens Media, but they

18  involve MediaNews Group as the holder of the work that's

19  been assigned.

20      Would your order require a production of the SAA

21  or the production of the operative agreement, which I

22  believe has been publicly filed already in the lead case

23  that's resulted in a stay of some 34 actions?

24          THE COURT:  In Colorado, you're talking about?

25          MR. MANGANO:  Yes.  All the Colorado

21

1   actions -- all the Colorado actions, to my knowledge, do

2   not involve Stephens Media content.

3        I just want to make sure that when you say

4   produced in all jurisdictions, it's not all -- not all

5   jurisdictions involve Stephens Media content.  So --

6             THE COURT:  Are the agreements, the strategic

7   agreements the same?

8             MR. MANGANO:  No.  They are in a different

9   form.  The content is significantly -- it looks

10  different.  It's very -- the document that controls

11  those agreements has been produced and has not been

12  sealed.

13            THE COURT:  All right.

14            MR. MANGANO:  So the only other jurisdiction

15  would be there's a pending action in South Carolina, and

16  there are the pending actions in this jurisdiction that

17  involve Stephens Media.

18            THE COURT:  You are obligated to the one in

19  South Carolina, but you're also obligated to advise the

20  Colorado court of this decision.

21            MR. MANGANO:  Thank you, Your Honor.

22            MR. PULGRAM:  And, finally, Your Honor,

23  Laurence Pulgram.  You stated that if you issued a

24  ruling in writing on this matter today, on this OSC,

25  that you would ask that it be provided to the other

1 | courts.

2 |       In the absence of that written ruling, would it

3 | make sense for the transcript of your ruling, up to the

4 | colloquy here, to be provided to other courts in lieu of

5 | a written order, to save Your Honor from having to write

6 | the written order?

7 |       MR. MANGANO:  I think that's the

8 | understanding.  If there's no order, I'm to produce the

9 | transcript, correct?

10 |       THE COURT:  Yes.  I think that's a good

11 | suggestion.  And that will be the order if it wasn't

12 | clear otherwise.

13 |      Anything else?

14 |       MR. MANGANO:  No, Your Honor.

15 |       MR. OPSAHL:  No, Your Honor.

16 |       THE COURT:  We'll be in recess.

17 |           (The proceedings were concluded at

18 |           9:35 a.m.)

19 |               *    *    *

20 |

21 |

22 |

23 |

24 |

25 |

23

                                        -oOo-

        I certify that the foregoing is a correct

        transcript from the electronic sound recording

        of the proceedings in the above-entitled matter.


                                                        7/14/11

        Donna Davidson, RDR, CRR, CCR #318          Date
        Official Reporter